IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANDREW CHIEN,

        *Plaintiff,*

v.

WILLIAM K. GROGAN, *et al.*,

        *Defendants.*

Civil Action No. 1:17-cv-358
Hon. Liam O'Grady
Hon. Theresa Buchanan

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. (Dkt. No. 5). Plaintiff has also moved *pro se* for an injunction to invalidate Defendant William Grogan's order issued in his capacity as Commissioner for the Virginia Court of Chancery. (Dkt. No. 11). For the reasons discussed below, the Court **GRANTS** Defendants' Motion and **DENIES** Plaintiff's Motion.

### I. Background

Plaintiff, Andrew Chien, is a self-employed financial consultant. Plaintiff was retained by Commonwealth Biotechnologies Incorporated ("CBI") to file SEC agency forms on the company's behalf and act as a meeting manager for the company's shareholder meetings. In this role, Plaintiff became involved with Richard J. Freer on or before 2011. At that time, Freer was the operating director of CBI.[1] In 2011, CBI sought bankruptcy protection. During the bankruptcy process, Plaintiff sought to expose what he believed to be numerous instances of

---

[1] Plaintiff identifies the company as "Commonwealth Biotechnologies Incorporation." Dkt. No. 1 at 14, ¶ 8. There is no company bearing that name and the Court concludes that Plaintiff has made a typographical error in identifying the company.

embezzlement and fraud by Freer.[2] On February 17, 2012, Freer responded by filing a defamation lawsuit against Plaintiff in Virginia state court. The Virginia court entered a judgment in the amount of $1.6 million dollars against Plaintiff. On September 26, 2012, Freer filed an action in Connecticut Superior Court to domesticate the Virginia judgment because Plaintiff's property is located in New Haven, Connecticut. On January 4, 2013, Freer filed judgment collection proceedings against Plaintiff in Virginia state court.

Defendant Grogan was engaged as a Commissioner in Chancery to adjudicate the debt proceedings on behalf of the Virginia court. From January 4, 2013 to June 24, 2016, Plaintiff alleges that Defendant Grogan issued fourteen orders on the debt collection proceeding.[3] The orders included a writ of capias to detain Plaintiff for failing to appear before the Court or answer the debtor's interrogatories. After Plaintiff was detained, on March 2, 2013, Defendant Grogan ordered Plaintiff to not dispose of cash held in two companies operated by the Plaintiff. Plaintiff maintains that the assets of those companies are exempt from the judgment debt he owes to Freer. However, Defendant Grogan found that the shares of those companies should contribute to the debt collection. The shares were passed to Freer in partial satisfaction of the debt and Freer assumed control over the companies. Because of Plaintiff's unwillingness to cooperate with the orders of Defendant Grogan on behalf of the Chancery Court, Plaintiff was held in contempt and detained for a total of 1,146 days until June 24, 2016.

Over this time period, Plaintiff has repeatedly sought to litigate the debt collection decision and its effects in federal court in Virginia. On April 26, 2013, Plaintiff filed an adversary proceeding against Freer and CBI in the bankruptcy court for the Eastern District of

---

[2] Plaintiff substantially details the allegations against Freer. *See* Dkt. No. 1 at 14-24. None of these allegations directly concern the Defendants in this action and are therefore omitted for the sake of brevity.
[3] Plaintiff alleges without any factual basis that these orders were ghostwritten or written pursuant to manipulation by other individuals acting against Plaintiff's interests. *See, e.g.*, Dkt. No. 1 at 39, ¶ 37.

Virginia. *Chien v. Commonwealth Biotechnologies, Inc.*, 13-03088, Dkt. No. 1 (E.D. Va. Bkr.). The bankruptcy court dismissed the suit on July 1, 2013. *Id.* at Dkt. No. 19. Plaintiff appealed that decision on August 14, 2013. *Chien v. Freer*, 3:13-cv-540 (Judge Hudson). The same day, Plaintiff filed a separate complaint in this court alleging violations of 42 U.S.C. § 1983 and seeking a writ of habeas corpus against Chesterfield County, Grogan, and Defendant Grogan, among others. *Chien v. Chesterfield County*, 1:13-cv-00993 (Judge O'Grady). The Court dismissed the § 1983 action and petition for writ of habeas corpus on November 6, 2013. *Id.* Dkt. No. 7. That dismissal was affirmed by the Fourth Circuit. *Id.* Dkt. No. 23. Similarly, this Court dismissed Plaintiff's bankruptcy appeal on August 14, 2014 and took the additional step of placing a pre-filing injunction on Plaintiff on the basis of his exceedingly litigious history. *Chien v. Freer*, 3:13-cv-540, Dkt. No. 51.

Plaintiff has also pursued actions in the state courts of Virginia. On June 18, 2014, Plaintiff filed suit in Prince George County, Virginia seeking relief against Chesterfield County, Defendants, and the Supreme Court of Virginia arising out of the Virginia collection proceedings. *Chien v. Commonwealth*, No. CL 14000549-00. That suit was dismissed on September 8, 2014 by the Virginia court for failure to state a claim and based on sovereign and judicial immunity. Plaintiff filed a direct appeal of his contempt incarceration to the Court of Appeals of Virginia. No. 1177-14-2. That appeal was dismissed on June 30, 2015. Plaintiff also instituted proceedings against Defendant Grogan in the Virginia Circuit Court. No. CL15-1569. Those proceedings were dismissed.

Finally, Plaintiff filed two separate actions against Defendants and others in the Federal District Court for the District of Connecticut. *See Chien v. Freer, et al.*, Case No.: 3:15-cv-1620; *Chien v. Grogan, et al.*, Case No: 3-16-cv-1881. The first of these cases was dismissed on

3

November 15, 2016 and the second case is presently pending on a motion for sanctions and a motion to stay. While the lawsuits variously allege claims against Freer, the Defendants in this action, or others, all of the suits center on the same factual issue: Defendant Grogan's orders requiring Plaintiff to relinquish certain assets in satisfaction of the judgment for Freer and the incarceration which followed Plaintiff's refusal to cooperate.

Plaintiff filed the *pro se* Complaint in this matter on March 28, 2017. Dkt. No. 1. The 123-page Complaint sets forth 195 counts against Defendant William K. Grogan and five counts against Defendant's law firm, William K. Grogan & Associates ("WGA"). Specifically Plaintiff alleges:

- 11 counts of money laundering in violation of 18 USC §§ 1956-57;
- 3 counts of larceny in violation of Va. Code § 18.2-108A and 18 U.S.C. §§ 1512-13, or 1951;
- 50 counts of transportation of stolen goods in violation of 18 U.S.C. § 2314;
- 4 counts of offenses of mail and wire fraud in violation of 18 U.S.C. § 1341, 1343 and 18 U.S.C. § 1952 for interstate transportation in aid of racketeering enterprises;
- 4 counts of interferences of commerce in violation of 18 U.S.C. § 1951;
- 25 counts of mail and wire fraud in violation of 18 U.S.C. § 1341, 1343 and 18 U.S.C. § 513;
- 18 counts of attempting to make false stock certificates (no statutory authority is provided for this cause of action);
- 4 counts of "deceived authority . . . lying under oath" in violation of 28 U.S.C. § 1738, CT Code § 53a-156", and 18 U.S.C. §§ 1512-13, 1951-52, and 1956;
- 6 counts of conspiracy to give false testimony in violation of VA Code § 18.2-436;
- 6 counts of conspiracy to commit a felony in violation of VA Code § 18.2-22;
- 2 counts of false arrest and 6 counts of false imprisonment in violation of 42 U.S.C. §§ 1981, 1983;

- 16 counts of tampering with the orders of the Chesterfield Circuit Court in violation of Va. Code. § 18.2-472;

- 1 count of perjury in violation of VA Code § 18.2-434;

- 2 counts of conspiracy to commit a felony in violation of VA Code § 18.2-22;

- 11 counts of "objection of justice" in violation of VA Code § 18.2-460;

- 1 count of impersonating a judge in violation of VA Code § 18.2-174;

- 2 counts of cruel and unusual punishment in violation of the Eighth Amendment;

- 1 count of "abused process with ulterior purposes to vex and suppress [Plaintiff] under unfair due process" (no statutory authority is provided for this cause of action);

- 1 count of prejudice by misrepresentation (no statutory authority is provided for this cause of action);

- 1 count of conspiracy to commit trespass or larceny in violation of VA Code § 18.2-23;

- 1 count of larceny and disturbance of property rights in violation of 42 U.S.C. § 1982 and 10 U.S.C. § 921;

- 1 count of "offense of 18 U.S.C. § 1623";

- 8 counts of violating various securities laws, *see* Dkt. No. 1 at 121;

- 1 count of failure to serve in violation of 42 U.S.C. § 1981(a);

- 1 additional count of larceny in violation of 10 U.S.C. § 921;

- 2 counts of violations of 18 U.S. C. § 2314.

All of the counts arise out of Defendant Grogan's orders enforcing the judgment debt in Chesterfield County and detaining Plaintiff for contempt of court.

Defendants moved to dismiss the Complaint for want of subject matter jurisdiction and failure to state a claim. Dkt. No. 5. That matter has been fully briefed by the parties. Plaintiff has also moved for an injunction to invalidate Defendant Grogan's order directing the delivery of

securities to Freer in satisfaction of the 2012 judgment. Dkt. No. 11. That matter has been fully briefed by the parties. The Court took the matter under advisement without oral argument.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) permits the defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The court must dismiss the action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Defendants may, as in this case, attack "the existence of subject matter jurisdiction in fact, quite apart from any pleading" because even with sufficient pleading, the district court could not have jurisdiction over the claim. *White v. CMA Const. Co. Inc.*, F. Supp. 231, 233 (E.D. Va. 1996). The plaintiff bears the burden to establish that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The Court grants a Rule 12(b)(1) motion if the material jurisdictional facts are known and the moving party is entitled to prevail as a matter of law. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A motion to dismiss pursuant to Rule 12(b)(6) must be considered in combination with Rule 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. While "detailed factual allegations" are not required, Rule 8 does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* Because a Rule 12(b)(6) motion tests the sufficiency of a

6

complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). Accordingly, a complaint may survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. Discussion

Defendant moves to dismiss Plaintiff's Amended Complaint with prejudice for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

#### A. **Subject Matter Jurisdiction**

Defendants provide two grounds upon which the Court should dismiss the Complaint for lack of subject matter jurisdiction. First, Defendants contend that this case is governed by the *Rooker–Feldman* doctrine which prohibits federal court review of state court decisions. Second, Defendants contend that Plaintiff's suit is barred by the doctrine of res judicata.

*1. Rooker–Feldman Doctrine*

"Under the *Rooker–Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Stated another way, "[t]he *Rooker–Feldman* doctrine 'prevents a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Willner v. Frey*, 243 F. App'x 744, 745–46 (4th Cir. 2007) (unpublished) (quoting *Henrichs v. Valley View Dev.*, 474

7

F.3d 609, 611 (9th Cir.2007). The *Rooker–Feldman* doctrine bars consideration not only of issues actually presented to and decided by a state court, but also of constitutional claims that are "inextricably intertwined with" questions ruled upon by a state court, as when success on the federal claim depends upon a determination "that the state court wrongly decided the issues before it." *Id.* (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir.1995)).

The *Rooker–Feldman* doctrine only applies where: "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of 'injuries caused by state-court judgments;' (3) the state-court judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff "invit[es] district court review and rejection of those judgments." *Willner*, 243 F. App'x at 746 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

Defendants submit that all of the *Rooker–Feldman* conditions are met in this case. First, Defendant contends that Plaintiff lost in the state-court contempt and collection proceedings and lost those cases on appeal. Second, Defendant maintains that the injuries Plaintiff alleges are the product of the orders and actions which Defendant Grogan undertook during the Virginia state-court debt collection proceeding. Defendant does not address the third factor but argues that the fourth factor is met because "there is no way for Plaintiff to prevail on his Complaint in this Court without securing an indirect appeal and invalidation of Defendants' judicial actions and orders in the Virginia collection proceedings." Dkt. No. 5 at 7-8.

Plaintiff does not challenge any of these three observations, nor can he. Plaintiff unquestionably litigated and lost his defamation judgment, collection proceeding, and contempt detention in Virginia state court. He presently seeks relief in the form of the return of property collected in satisfaction of the 2012 judgment and damages for the taking of property and his

8

detention for contempt by the Virginia court. These injuries all arise out judgments of the state court. While Defendant does not address the third factor, the Court can take notice that the Virginia state-court proceedings became final years before the instant suit. Finally, Plaintiff seeks relief in the form of the return of property which Defendant Grogan collected in satisfaction of the debt proceedings. To provide such relief the Court would have to review and reject Defendant Grogan's decision to provide that relief.

Instead of challenging these four elements of the *Rooker–Feldman* doctrine, Plaintiff submits that 42 USC § 1983 affords the Court the authority "to create State Liability for deprive [sic] of constitutional right without Due Process, which can' [sic] apply *Rooker–Feldman* doctrine pursuant to Rule 12 (B)(1) of [the Federal Rules of Civil Procedure] as defendants claimed in their Brief." Dkt. No. 13 at 4, ¶ 6 (capitalizations in original).

Plaintiff's argument is foreclosed by the holding of the Court of Appeals in *Willner*. In *Willner*, the appellants "urge[d] [the court] to construe their federal complaint as raising an independent claim . . . based on a violation of their constitutional rights by Frey and the consequence of the state court judgment—not the state court judgment itself." *Willner*, 243 F. App'x at 746. The Court of Appeals found the argument without merit. *Id.* The court explained that "the key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the 'state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself.' " *Id.* at 747 (4th Cir. 2007) (quoting *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 715 (4th Cir.2006)). The relief sought by the appellants, "an injunction ordering Frey to remove the state court's final order from the county's land records, leaves little doubt that the Willners want the district court to reverse the state court's judgment." *Id.* The fact that the suit in *Willner* was brought against the appellee in his

9

individual capacity instead of against the state was also found to be meritless because the appellee's actions were produced by the state-court judgment. *Id.*

In this case, Plaintiff similarly seeks relief based on a violation of constitutional rights, as well as criminal statutes, based on the consequences of the state-court judgment. No matter how Plaintiff characterizes the claims, at bottom, he seeks redress for an injury caused by the state-court decision itself—to take the shares of his company, transfer them to Freer, and incarcerate Plaintiff for contempt. Just as in *Willner*, Plaintiff seeks an injunction ordering the removal of one of Defendant Grogan's orders. Dkt. No. 11. The fact that Plaintiff has sued Grogan as an individual, and alleges that he acted outside of the scope of his authority as a Commissioner of the Court of Chancery, does not disturb the conclusion that the injuries Plaintiff alleges were the product of the Chancery Court judgments and the remedy he seeks requires the Court to revisit those decisions.

Finally, the fact that Plaintiff alleges violations of 42 U.S.C. § 1983 does not overcome the constraints of the *Rooker–Feldman* doctrine. *See, e.g., Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 385 (4th Cir. 2004) (dismissing § 1983 claims based on the *Rooker–Feldman* doctrine).

For these reasons, the Court lacks subject matter jurisdiction over Plaintiff's claims and the Complaint must be dismissed with prejudice.

2. *Res Judicata*

"Virginia law has historically recognized that a litigant must unite every joinable claim that he has against a particular defendant in one proceeding or risk the preclusion of his other

claims."[4] *Funny Guy, LLC v. Lecego*, LLC, 293 Va. 135, 146, 795 S.E.2d 887, 892 (2017)

Under Virginia law:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

*Id.* (quoting VA Rule 1:6(A)).

Defendants submit that this principle "operates to bar *any* claim that could have been brought in conjunction with a prior claim, where the claim sought to be barred arose out of the same conduct, transaction, or occurrence as the previously litigated claim." Dkt. No. 5 at 8-9 (emphasis in original) (quoting *Martin-Bangura v. Va. Dep't of Mental Health*, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009). Defendants contend that the relevant facts that form the basis of Plaintiff's claims were litigated in numerous federal and state court actions including a direct appeal of Plaintiff's incarceration which was denied by the Virginia Court of Appeals.

Plaintiff raises two counter-arguments to the application of res judicata. First, Plaintiff contends that none of the six other cases cited by the Defendants included merits arguments and not all of the other cases addressed all of the arguments presently raised in the Complaint. Second, Plaintiff complains of due process violations, notably fraud, in several of the Virginia state courts.

In their reply to the opposition, Defendants contend that Plaintiff incorrectly argues that res judicata may only result after a trial on the merits of the underlying action. Defendants

---
[4] Virginia law governs this claim for *res judicata* because the earlier actions were adjudicated in Virginia state court and the federal district court sitting in Virginia. *Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 219 (4th Cir. 2006)

contend that a dismissal by a district court for failure to state a claim and affirmance of that dismissal on appeal is subject to res judicata. *See* Dkt. No. 17 at 3 (citing *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009)). Consequently, Defendants submit that the prior dismissals with prejudice in this Court, in Virginia State Court, and the District of Connecticut, were final judgments. Because those judgments concerned the same underlying facts and allegations, they should be foreclosed.

The Court previously dismissed Plaintiff's claims for failure to state a claim and lack of jurisdiction *with prejudice* in *Chien v. Chesterfield County*, 1:13-cv-993. "A dismissal with prejudice 'is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties.'" *McLean*, 566 F.3d at 407 (quoting *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534 (4th Cir.1991)). Consequently, Plaintiff's allegation that the previous decisions did not include "merits arguments" is itself an argument without merit. The same can be said for Plaintiff's allegations that Defendants engaged in fraud. On appeal in *Chien v. Chesterfield County*, the Court of Appeals held that Defendant Grogan was protected by judicial immunity for his actions as Commissioner of the Chancery Court notwithstanding Plaintiff's allegations that Defendant Grogan committed fraud and violated Plaintiff's due process. 1:13-cv-993, Dkt. No. 22. The finding of the Court of Appeals applies with equal force to the present action.

Having determined that, at the very least, the previous decision of the Court in *Chien v. Chesterfield County* can impose res judicata, the Court can compare Plaintiff's present claims to that earlier case. In *Chien v. Chesterfield County*, Plaintiff brought suit pursuant to 42 U.S.C. § 1983 alleging that the Court of Chesterfield County, Defendant Grogan, WGA, and others had miscarried justice, perpetrated a tort on Plaintiff, and invaded Plaintiff's civil rights and

humanity. 1:13-cv-993, Dkt. No. 1 at 1. The complaint describes the bankruptcy dispute between Plaintiff and Freer over CBI and Plaintiff's subsequent detention for failure to comply with a court order. *Id.* at 2-5. The complaint alleges that Defendant Grogan colluded with counsel and violated his duties as Commissioner of Chancery. The Court dismissed all of these claims finding that Defendant Grogan was not a state actor amenable to suit under § 1983 and Defendant WGA was not a person amenable to suit under § 1983. 1:13-cv-993, Dkt. No. 7. The Court dismissed the claims against the remaining defendants for lack of amenability to suit or failure to state a claim for relief. *Id.* The Court of Appeals affirmed but diverged in part from the Court's reasoning. 1:13-cv-993, Dkt. No. 22. The Court of Appeals found that Defendant Grogan was a state actor amenable to suit under § 1983 but that he was entitled to judicial immunity because he undertook actions within the scope of his official duties. *Id.*

The facts in *Chien v. Chesterfield County*, are materially indistinguishable from those in the present Complaint and the allegations arise out of the same transactions or occurrences. Because the Court entered a final judgment in the previous case and that decision was affirmed on appeal, Plaintiff's present suit is barred by res judicata and the Court lacks subject matter jurisdiction over the Complaint.

For this additional reason, the Complaint must be dismissed with prejudice.

### B. Failure to State a Claim

Defendant also moves to dismiss the retaliation count for failure to state a claim. Because the Court lacks subject matter jurisdiction over the claims it need not consider whether Plaintiff has failed to state a claim upon which relief can be granted.

13

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss. (Dkt. No. 5). Accordingly, the Complaint is **DISMISSED WITH PREJUDICE**. Further, because the Motion to Dismiss is granted, the Court **DENIES** the Motion for Injunctive Relief. (Dkt. No. 11).

August 3, 2017
Alexandria, Virginia

Liam O'Grady
United States District Judge